# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DELROY TOOMER**                                                      **PETITIONER**

**v.**                               **CIVIL ACTION NO. 5:20-cv-3-KS-MTP**

**SHAWN R. GILLIS**                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner Delroy Toomer's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## BACKGROUND

In January of 2011, Petitioner, an alien from Jamaica, was admitted to the United States as a visitor for a period not to exceed six months. *See* [1] at 6; [10-1] at 1. Petitioner remained in the United States longer than authorized, and on July 30, 2014, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody. *See* [1] at 6-7; [10-1] at 1. In August of 2014, Petitioner was granted a bond and released from ICE custody. *See* [1] at 7; [10-1] at 1.

On March 1, 2016, Petitioner was convicted of possessing an unlicensed firearm and tampering with evidence in Pennsylvania. *See* [1] at 7; [10-1] at 2. On October 11, 2016, after serving his criminal sentence, Petitioner was taken into ICE custody, but he was later granted a bond and released. *See* [1] at 8; [10-1] at 2. On August 22, 2018, Petitioner was again taken into ICE custody. *See* [1] at 8; [10-1] at 2. On February 5, 2019, an Immigration Judge issued an order directing that petitioner be removed from the United States to Jamaica. *See* [10-1] at 2.[1]

---

[1] Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, and on August 21, 2019, Petitioner filed a petition for

On January 13, 2020, Petitioner filed the instant Petition arguing that his extended detention in ICE custody is unlawful.² Petitioner seeks release from immigration custody. On March 11, 2020, Respondent filed a Response [10] arguing that the Petition should be denied because Petitioner's detention remains "presumptively reasonable" and because he has obstructed his deportation by failing to cooperate with officials.

## ANALYSIS

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Additionally, "[a]n alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be

---

review, along with a motion to stay removal, in the United States Court of Appeals for the Third Circuit. The Third Circuit initially granted a temporary stay of removal but, later, vacated the stay and denied the motion for a stay of removal. Thereafter, on April 2, 2020, the Third Circuit denied the petition for review, and on June 8, 2020, the court entered a mandate. *See* [10-1] at 2-3; [10-3]; *Toomer v. Attorney General*, No. 19-2942 (3rd Cir. June 8, 2020).

² Petitioner asserts several claims, but all of his claims are based on the argument that his detention is unlawful under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), which the undersigned discusses herein.

inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019); *see also Mytyuk v. Young*, 347 Fed. App'x 50, 51 (5th Cir. 2009); *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (holding that deliberately withholding information and obstructing INS tolls the six-month removal period).

Pursuant to *Zadvydas*, it is presumptively constitutional for an alien to be detained for six months after the removal period begins. 533 U.S. at 701; *see also Agyei-Kodie v. Holder*, 418 Fed. App'x 317, 318 (5th Cir. 2011).  8 U.S.C. § 1231 provides as follows:

> The removal period begins on the latest of the following:
>
> (i)  The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Third Circuit reviewed Petitioner's removal order, initially stayed his removal, and entered a mandate denying his petition for review on June 8, 2020. *See* [10-1] at 2-3; [10-3]; *Toomer v. Attorney General*, No. 19-2942 (3rd Cir. June 8, 2020).  Accordingly, the removal period did not begin until June 8, 2020.[3]  Approximately one month has elapsed since the Third Circuit entered its final order denying Petitioner's petition for review.  Thus, Petitioner is within the 90-day period afforded to the Government to deport Petitioner pursuant to 8 U.S.C. §

---

[3] Respondent asserts that the removal period began on November 27, 2019, when the court vacated the stay and denied the motion for a stay of removal. *See* [10-3].  That order, however, was not a *final* order of the court. *See*, *e.g.*, *Escobar v. Lynch*, 2017 WL 2374715, at *3 (D. Haw. Feb. 8, 2017) ("Petitioner's removal period began when the Ninth Circuit issued its mandate").

1231(a)(1)(A).  Petitioner's continued detention is not unlawful, and the Petition should be denied.

Furthermore, Petitioner's failure to cooperate with removal efforts precludes him from asserting a good faith argument that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  Respondent submits a Declaration by an ICE deportation officer, Theodore Surick, stating that on February 4, 2020, ICE submitted a request to the Jamaican Consulate for a travel document for Petitioner. *See* [10-1] at 3.  Along with the request, ICE submitted, *inter alia*, a copy of Petitioner's Jamaican passport. *Id.*; [10-4].[4]  According to Surick, the Jamaican Consulate interviewed Petitioner on February 17, 2020, and Petitioner requested that the consulate not issue a travel document until after his "upcoming court date." *See* [10-1] at 3.  Surick states that the consulate agreed to not issue a travel document at that time.  Surick also states that the Jamaican Counsulate is generally cooperative in issuing travel documents and ICE regularly removes aliens to Jamaica. *Id*.  According to Surick, "[o]nce a travel document is issued, there is no foreseeable impediment to Petitioner's removal." *Id*.  Petitioner did not file a reply or otherwise challenge Surick's assertions.

As it is Petitioner's own lack of cooperation that has prevented his removal, the Petition should be denied. *See Kourouma v. Warden*, 2019 WL 2895842, at *2 (W.D. La. Apr. 29, 2019) (citing *Benn v. Bureau of Immigration and Customs Enforcement*, 82 Fed. App'x 139, 140 (5th Cir. 2003); *Pelich v. INS,* 329 F.3d 1057, 1060 (9th Cir. 2003)); *see also Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir. 2003)("We conclude that 8 U.S.C. § 1231(a)(1)(C) . . . authorizes . . .

---

[4] In his Petition, Petitioner asserts that ICE does not possess his Jamaican passport or any other identifying document, but Respondent submitted a photograph of Petitioner's Jamaican passport along with the Response [10].

continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents").

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the relief sought in the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 7th day of July, 2020.

                                                                                  s/ Michael T. Parker
                                                                                  United States Magistrate Judge